UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           'O'

| Case No. | 2:19-CV-05370-CAS-JCx | Date | June 24, 2024 |
|---|---|---|---|
| Title | PAULETTE SMITH v. CITY OF LOS ANGELES, ET AL. | | |

Present: The Honorable   **CHRISTINA A. SNYDER**

| Catherine Jeang | Deborah Parker | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:             Attorneys Present for Defendants:

Brian Dunn                                                        Kevin Gilbert

**Proceedings:** ZOOM HEARING RE: DEFENDANT OFFICER EDWARD AGDEPPA'S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT (Dkt. 85, filed on April 26, 2024)

## I. INTRODUCTION & BACKGROUND

Presently before the Court is defendant Edward Agdeppa's motion for reconsideration of summary judgment or, in the alternative, partial summary judgment. Dkt. 85. The facts of this case are well known to the parties and laid out in detail in the Court's November 6, 2020 Order. Dkt. 59.

On June 16, 2019, plaintiff Paulette Smith, individually and as successor in interest to decedent Albert Dorsey, filed a complaint against defendants Officer Edward Agdeppa and the City of Los Angeles ("City"). Dkt. 1 ("Compl."). In her complaint, Smith alleged four claims for relief: (1) violations of 42 U.S.C. § 1983 ("Section 1983") against Officer Agdeppa based on an unreasonable use of deadly force; (2) violations of Section 1983 based on an unconstitutional policy, practice or custom against the City; (3) wrongful death against Agdeppa and the City based on battery, pursuant to Cal. Gov't Code §§ 815.2(a), 820(a) and Cal. Civ. Code § 43; and (4) wrongful death against Agdeppa and the City based on negligence, pursuant to Cal. Gov't Code §§ 815.2(a), 820(a). See Compl.

On May 6, 2020, the parties stipulated to dismiss the City from the case, leaving claims one, three and four as alleged against Agdeppa. See Dkts. 30, 31.

On June 30, 2020, Agdeppa, now the sole defendant, filed a motion for summary judgment, or, in the alternative, partial summary judgment on each of plaintiff's claims. Dkt. 37. On November 6, 2020, the Court denied the motion. Dkt. 59 ("MSJ Order").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                'O'

| Case No. | 2:19-CV-05370-CAS-JCx | Date | June 24, 2024 |
|---|---|---|---|
| Title | PAULETTE SMITH v. CITY OF LOS ANGELES, ET AL. | | |

Specifically, the Court denied summary judgment on plaintiff's Section 1983 claim because (1) "there is a genuine dispute over whether plaintiff posed an immediate threat to the officers sufficient to warrant the use of deadly force"; and (2) "Agdeppa is not entitled to qualified immunity as a matter of law" because a jury could find that Agdeppa's use of deadly force violated clearly established law. Id. 16, 18. The Court also denied summary judgment as to plaintiff's claims for wrongful death based on battery and negligence, respectively, because the Court had "already concluded that there is an issue of disputed fact regarding [defendant's] use of deadly force." Id. at 19.

On November 25, 2020, Agdeppa appealed the Court's denial of his motion for summary judgment on the basis of qualified immunity to the Ninth Circuit. Dkt. 62.

On December 30, 2022, the Ninth Circuit panel, consisting of Judge Morgan Christen, Judge Daniel A. Bress, and District Judge Gary Feinerman (sitting by designation), issued an opinion affirming the Court's denial of Agdeppa's motion, with Judge Bress dissenting. Dkt. 75.

On May 4, 2023, the Ninth Circuit issued an order notifying the parties that Judge Feinerman had resigned from judicial service and Judge Consuelo M. Callahan had been drawn as a replacement judge. Dkt. 78. The new panel then voted sua sponte to grant panel rehearing, with "Judge Callahan and Judge Bress vot[ing] in favor of rehearing, and Judge Christen vot[ing] against rehearing." Id. The original opinion and dissent were accordingly withdrawn. Id.

On August 30, 2023, the new Ninth Circuit panel issued an opinion "revers[ing] the district court's decision denying Agdeppa qualified immunity and remand[ing] for proceedings consistent with [its] opinion." Dkt. 80 ("Opinion"). On March 11, 2024, the Ninth Circuit issued its mandate. Dkt. 82. Defendant is thus entitled to summary judgment as to plaintiff's Section 1983 claim based on qualified immunity. Plaintiff's remaining claims against Agdeppa are state law claims for (1) wrongful death based on battery; and (2) wrongful death based on negligence. See Johnson v. Bay Area Rapid Transit Dist., 724 F.3d 1159, 1171 (9th Cir. 2013) ("[T]he doctrine of qualified immunity does not shield defendants from state law claims.").

On April 26, 2024, defendant filed the present motion for reconsideration regarding the Court's order on his motion for summary judgment. Dkt. 85 ("Mot."). On June 3, 2024, plaintiff filed an opposition. Dkt. 86 ("Opp."). On June 10, 2024, defendant filed a reply. Dkt. 87 ("Reply").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:19-CV-05370-CAS-JCx | Date | June 24, 2024 |
|---|---|---|---|
| Title | PAULETTE SMITH v. CITY OF LOS ANGELES, ET AL. | | |

On June 24, 2024, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Local Rule 7-18 sets forth the bases upon which the Court may reconsider the decision on any motion:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

## III. DISCUSSION

Defendant asks this Court to "reconsider whether [p]laintiff's evidence – as evaluated and summarized by the Appellate Court's Opinion – was sufficient to have created a genuine issue of material fact with respect to whether Dorsey was an imminent threat, as necessary to defeat [defendant's] [motion for summary judgment on plaintiff's state law claims]." Mot. at 7-8. Specifically, defendant contends that reconsideration is warranted because "the Appellate Court's Opinion call[ed] into question this Court's findings on certain factual issues, including specifically whether there were genuine issues of material fact." Id. at 3. Defendant focuses on four disputed areas of fact that the Court allegedly identified in its prior order: (1) the extent of the Officers' injuries; (2) the trajectory of the bullets; (3) whether Agdeppa issued a warning; and (4) whether witnesses to the fight contradicted the Officers' recollection. Id. at 8.

Defendant also argues that reconsideration is warranted in light of the Ninth Circuit's recent decision in Hart v. City of Redwood City, 99 F.4th 543 (9th Cir. 2024). There, the Ninth Circuit "overruled a district court's denial of summary judgment,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:19-CV-05370-CAS-JCx | Date | June 24, 2024 |
|---|---|---|---|
| Title | PAULETTE SMITH v. CITY OF LOS ANGELES, ET AL. | | |

finding that the district court's conclusion that material factual disputes existed, w[as] not, in fact, material to the inquiry of whether the subject posed an immediate threat to the officers." Mot. at 9.

In opposition, plaintiff argues that the Ninth Circuit's opinion was "limited to the purely legal contention that [defendant] . . . did not violate clearly established law." Opp. at 7 (internal quotations omitted). She notes that "portions of the district court's order determining questions of 'evidence sufficiency,' i.e., which facts a party may, or may not, be able to prove at trial . . . [are] not appealable." Id. (citing Johnson v. Jones, 515 U.S. 304, 313 (1995)). She emphasizes that the Ninth Circuit itself recognized this rule and explicitly wrote: "We do not resolve any factual disputes, nor are any of the factual disputes that the district court identified dispositive." Id. at 8 (quoting Smith v. Agdeppa, 81 F.4th 994, 1003–04 (9th Cir. 2023)). Instead, the Ninth Circuit's opinion was limited to the sole question of whether defendant violated clearly established law. Smith, 81 F. 4th at 997 ("The officer's use of deadly force did not violate clearly established law. *For this sole reason*, we reverse the district court's decision."). Plaintiff characterizes the language from the Ninth Circuit's opinion cited by defendant as mere dicta. Id. at 10. She also argues that Hart does not represent an intervening change of controlling law sufficient to warrant reconsideration. Id. at 9.

In reply, defendant argues that the Ninth Circuit's opinion is "a binding, published decision, which this Court must follow" and represents the "law-of-the-case." Reply at 1. He asserts that the Ninth Circuit "made *legal conclusions*, including finding that [p]laintiff's perceived issues of fact were *not* genuine or material." Reply at 1 (emphasis in original). He further claims that the Ninth Circuit "concluded that [p]laintiff's evidence was speculative and insufficient." Id. at 2. Defendant also argues that Hart's holding that "mere allegation and speculation do not create a factual dispute for purposes of summary judgment" supports reconsideration. Id. at 3 (quoting Hart, 99 F.4th at 554).

In its initial order, the Court denied summary judgment as to plaintiff's state law claims after finding that it "ha[d] already concluded that there is an issue of disputed fact regarding [defendant's] use of deadly force," in reference to its earlier analysis regarding plaintiff's Section 1983 excessive force claim. MSJ Order at 19. As the Court noted, "[c]laims of excessive force under California law are analyzed under the same standard of objective reasonableness used in Fourth Amendment claims." Id. at 18 (quoting Hayes v. Cty. of San Diego, 736 F.3d 1223, 1232 (9th Cir. 2013). In finding that there was "a genuine dispute over whether plaintiff posed an immediate threat to the officers sufficient

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:19-CV-05370-CAS-JCx | Date | June 24, 2024 |
|---|---|---|---|
| Title | PAULETTE SMITH v. CITY OF LOS ANGELES, ET AL. | | |

to warrant the use of deadly force," the Court identified several relevant facts/disputes including (1) contradicting testimony between Agdeppa and other witnesses on the scene; (2) evidence of the extent of the officers' injuries, which speaks to the degree of threat posed by Dorsey; (3) a dispute over whether Agdeppa issued a warning of his intent to use deadly force; and (4) evidence of the officers' pre-shooting tactical decisions, which the Los Angeles Board of Police Commissioners (BOPC) concluded were a substantial deviation from department policy.

As an initial matter, the Court finds that the Ninth Circuit's opinion explicitly "d[id] not resolve any factual disputes" identified by the Court in its initial order. Opinion at 18.  It is well established that:

> An order denying a motion for summary judgment is usually not an immediately appealable final decision.  But that general rule does not apply when the summary judgment motion is based on a claim of qualified immunity, because pretrial orders denying qualified immunity generally fall within the collateral order doctrine. Thus, in the qualified immunity context, [the Appellate Court] typically ha[s] jurisdiction over interlocutory appeals from the denial of summary judgment.
>
> The scope of [] review in this context, however, is circumscribed. . . . A public official may not immediately appeal a fact-related dispute about the pretrial record, namely, whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial.  [I]nterlocutory review jurisdiction is limited to resolving a defendant's purely legal contention that his or her conduct did not violate the Constitution and, in any event, did not violate clearly established law.

Est. of Anderson v. Marsh, No. 19-15068, 2021 WL 139733 (9th Cir. Jan. 15, 2021) (internal citations and quotations omitted).

Thus, to the extent the Ninth Circuit opined on the legitimacy of factual disputes identified by the Court, such discussions do not constitute legal conclusions and do not represent the law-of-the-case. Accordingly, the Ninth Circuit's opinion does not reverse or overrule the Court's prior determinations regarding the existence of genuine factual disputes.

The Court also finds that Hart does not provide an independent basis for reconsideration.  To the extent that defendant cites Hart for the principle that "mere allegation and speculation do not create a factual dispute for purposes of summary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:19-CV-05370-CAS-JCx | Date | June 24, 2024 |
|---|---|---|---|
| Title | PAULETTE SMITH v. CITY OF LOS ANGELES, ET AL. | | |

judgment," Reply at 3, this principle is not new and was already applied in the Court's prior analysis. See Hart, 99 F. 4th at 554 (quoting verbatim from Nelson v. Pima Cmty. Coll., 83 F.3d 1075, 1081–82 (9th Cir. 1996)). Hart also reiterated the principle that the Appellate Court "ha[s] jurisdiction to review an issue of law determining entitlement to qualified immunity—even if the district court's summary judgment ruling also contains an evidence-sufficiency determination—but *not to accede to a defendant's request that we review that evidence-sufficiency determination on appeal.*" Id. at 548 (emphasis added). Accordingly, Hart reinforces the conclusion that the Ninth Circuit's opinion did not address the Court's evidence-sufficiency determinations.

In the instant motion, defendant attempts to relitigate whether there was a genuine dispute over whether plaintiff posed an immediate threat sufficient to warrant the use of deadly force. Mot. at 10-21. His arguments are unavailing. Although the Court has already determined that defendant has failed to show a material difference in fact or law that warrants reconsideration pursuant to L.R. 7-18, it nevertheless briefly addresses defendant's arguments below.

Defendant first argues that the Court improperly relied on "[p]laintiff's pure speculation on bullet trajectory" to conclude that there was a genuine dispute over whether Dorsey remained standing over Rodriguez until the final shot. Mot. at 10-11. He is mistaken. In the Court's prior order, the Court noted that "*plaintiff advanced an argument [at the hearing]* that the trajectory of one of the bullets as it entered Dorsey calls into question Agdeppa's account that Dorsey remained standing over Rodriguez until the final shot." MSJ Order at 13 (emphasis added). In doing so, the Court was merely recounting an argument that plaintiff had advanced at the hearing. The Court specified in its order that it "cannot draw any inference as to how Dorsey was positioned relative to each gunshot, such as, for instance, whether he was standing or hunched over when the first bullet struck him." Id. at 8. Thus, the Court's prior order did not rely on a finding that there was a genuine dispute of material fact regarding the trajectory of the bullets and Dorsey's positioning.

Next, defendant argues that any contradiction between Agdeppa's testimony and witness testimony in the BOPC report "does not diminish the existence of a brutal fight between the officers and Dorsey." Mot. at 11 (capitalization omitted). He references excerpts from the Ninth Circuit's opinion which questioned whether Witness F's testimony, as presented in the BOPC report, was credible given his positioning at the time of the shooting. Id. at 11-12. Notwithstanding the Ninth Circuit's explicit admonition

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:19-CV-05370-CAS-JCx | Date | June 24, 2024 |
|---|---|---|---|
| Title | PAULETTE SMITH v. CITY OF LOS ANGELES, ET AL. | | |

that its opinion "d[id] not resolve any factual disputes," Opinion at 18, this inconsistency goes to the weight of the evidence, which is not for the Court to consider on summary judgment. It does not change the Court's determination that a genuine dispute exists which may call into question Agdeppa's credibility at trial.

Defendant also argues that the Ninth Circuit reversed this Court's conclusion that "a rational fact finder could view plaintiff's evidence [of the extent of the officers' injuries] and conclude that the threat here did not warrant such extreme force." Mot. at 13. As discussed above, the Ninth Circuit "d[id] not resolve any factual disputes" identified by the Court.[1] Here, plaintiff has presented evidence of post-incident photographs of the officers' injuries which speak to the level of threat Dorsey presented. Defendant's arguments that "the [o]fficers' injuries were not insubstantial" and the officers' subsequent testimony as to how they were affected by their injuries only further demonstrate that there is a genuine dispute of material fact as to this issue.

Finally, defendant argues that the Court should not have "taken an alleged lack of warning as another factor to conclude Agdeppa's action was unreasonable." Mot. at 16. In support, he cites the Ninth Circuit's opinion which found that a lack of warning, by itself, is not sufficient to constitute a violation of Dorsey's rights. Id. at 17. Again, the Ninth Circuit's holding was limited to the question of whether Agdeppa violated a clearly established right for the purposes of overcoming qualified immunity. It did not preclude a jury from considering whether Agdeppa failed to issue a warning prior to shooting and whether such a failure would render Agdeppa's conduct unreasonable.

### IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Agdeppa's motion for reconsideration of summary judgment or, in the alternative, partial summary judgment.

IT IS SO ORDERED.

|  | 00 | : | 25 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[1] While the Ninth Circuit held that defendant is entitled to qualified immunity in this case, "the doctrine of qualified immunity does not shield defendants from state law claims." Johnson, 724 F.3d at 1171.